**In the Matter of Eugene J. LOEB, Debtor.**

**H. Ruth FLAMBERG, State Court Receiver of Fur Corporation of Pennsylvania, d/b/a Loeb Furs, Limited, Plaintiff,**

v.

**Eugene J. LOEB, Defendant.**

**Bankruptcy No. 80–867.
Adv. No. 80–772.**

United States Bankruptcy Court, W.D. Pennsylvania.

Feb. 15, 1985.

Joseph J. Bernstein, Pittsburgh, Pa., for H. Ruth Flamberg.

Bernhard Schaffler, Pittsburgh, Pa., for Eugene Loeb.

Stanley M. Stein, Pittsburgh, Pa., for Kathleen Demko.

## MEMORANDUM OPINION

GERALD K. GIBSON, Bankruptcy Judge.

The matter presently before the Court is a Complaint to Determine Dischargeability of Debt brought by the State Court Receiver of Fur Corporation of Pennsylvania. The complaint alleges that defendant committed fraud in that he diverted to his personal use proceeds from sales of furs owned by Fur Corporation of Pennsylvania or consigned to it. The complaint also alleges that defendant conspired with one Shirley B. Loeb to divert and embezzle corporate funds, that defendant collected and diverted to his own use accounts receivable, and that he withdrew corporate funds in order to pay personal expenses. The complaint further alleges that he controlled the corporation and that he committed the above described acts through the agency of Kathleen Demko, the corporation's in-house bookkeeper.

At the hearing on April 9, 1981, the State Court Receiver produced three witnesses who claimed to have paid for merchandise or storage costs in cash or by check. The State Court Receiver testified that the corporation's records did not indicate that payments had been made and none of the witnesses produced receipts, cancelled checks, or any other evidence of having paid. Two of the witnesses could not remember the exact amount they had paid and one of these witnesses could not remember whether she paid by check or in cash. The witnesses' bare allegations that they had paid combined with the State Court Receiver's testimony that the corporate records reflected no payments are insufficient to prove that defendant received and misappropriated corporate funds.

There was testimony and evidence produced which established that two cars leased to the corporation had been sold to third parties at the end of the lease periods. The checks for purchase of these vehicles named the leasing company as payee, the third parties as payors, and were endorsed by the president of the leasing company. One of the checks was also endorsed by Shirley Loeb and both checks were for amounts somewhat in excess of the payoff amounts as testified to by one of the purchasers and an employee of the leasing company. However, there is nothing in the record which tends to establish that defendant received any money as a result of these transactions or that he and Shirley Loeb conspired in any way with respect to these transactions.

The testimony of George F. Schneider, an employee of a bookkeeping service used by the corporation, was consistent with defendant's deposition testimony admitted into evidence, that defendant's compensation for his services as a consultant to the corporation included payment of his personal bills. This testimony was uncontradicted and, although the arrangement perhaps was unusual, there is no indication that it involved any of the misdeeds alleged in the complaint. Although Mr. Schneider testified that he received his instructions from defendant, this does not establish that defendant "controlled" the corporation and, even if it did, it does not establish conspiracy, fraud or embezzlement.

Francine Weissman, the internal auditor employed by the State Court Receiver, testified that the corporation maintained a checking account and a savings account and that a second checking account existed

in Kathleen Demko's name "in care of Loeb Furs". Ms. Weissman testified that most of the checks and over one-half of the savings account withdrawal slips upon which the allegations in the complaint are based were signed by Ms. Demko. Only $2,700 of approximately $19,000 withdrawn from the savings account were withdrawn under what was alleged to have been defendant's signature. There was no evidence or testimony presented to indicate that he improperly withdrew or applied these funds, that he was involved with Ms. Demko's withdrawals from checking and savings or that her withdrawals were improper.

Ms. Weissman also testified that she never examined the bank signature cards and Ms. Demko invoked her Fifth Amendment privilege against self-incrimination so the Court has not a clue as to the purpose of the withdrawals from the accounts or the disposition of the funds withdrawn.

In view of the evidence and testimony, defendant's motion to dismiss the complaint which was made at the close of the State Court Receiver's case will be granted.

An appropriate order will be entered.